**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0231n.06
Filed: March 31, 2006

**No. 05-3205**


**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**BORALDA ILIAS,**

      **Petitioner,**

**v.**

**ALBERTO R. GONZALES,**

      **Respondent.**

                                 /

**ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS**


**BEFORE:**    **MARTIN, SILER, & CLAY, Circuit Judges.**

     **CLAY, Circuit Judge.** Petitioner Boralda Ilias petitions this Court to review the January 28, 2005 order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision that denied Petitioner's motion to reopen her deportation proceedings. The IJ had previously ordered Petitioner to be removed *in absentia* because Petitioner failed to attend her master calendar hearing. For the following reasons, we **DENY** the petition for review.

I.

     Petitioner Boralda Ilias is a native and citizen of Albania. On January 25, 1999, she entered the United States legally as a nonimmigrant J-1 Exchange Visitor. Her status expired in December 2000, and Petitioner remained in the United States after her status expiration. As a result, on March 21, 2002, the Immigration and Naturalization Service ("INS") placed Petitioner in removal

proceedings.  On April 1, 2002, the INS sent Petitioner notice that she was scheduled to appear before the immigration court in a master calendar hearing on November 27, 2002.

On November 27, 2002, Petitioner failed to appear for the master calendar hearing.  At the hearing, the INS presented evidence of Petitioner's removability.  The IJ ordered Petitioner's removal *in absentia*.

On January 17, 2003, Petitioner filed a motion to reopen her removal proceedings.  The basis for her motion was that on August 16, 2001, her father, at his own master calendar hearing for removal, requested that Petitioner be included in his asylum application as a derivative.  Aside from Petitioner's assertions, there is no evidence that Petitioner's father made such a request, and there is no evidence that the immigration court granted such a request.  Petitioner stated that she "did not appear at [her master calendar hearing] because she was expecting her case to be consolidated with her father's case." (J.A. at 33.)  Her father had an individual hearing scheduled for April 25, 2003.

On March 10, 2003, the IJ denied Petitioner's motion to reopen.  The IJ found that Petitioner's reason for failing to appear at her master calendar hearing did not rise to the level of "exceptional circumstances" as required under the Immigration and Nationality Act ("INA").

Petitioner appealed the IJ's decision to the BIA.  In a *per curiam* order, the BIA affirmed the IJ without opinion.  Petitioner then petitioned this Court to review the BIA decision.

II.

Where the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly.  *Shkabari v. Gonzales*, 427 F.3d 324, 327 (6th Cir. 2005) (citation omitted).  This Court

reviews the denial of a motion to reopen for an abuse of discretion. *Beltran v. INS*, 332 F.3d 407, 410 (6th Cir. 2003) (citation omitted). Review of an *in absentia* removal order is limited to: "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D).

We conclude that the IJ did not abuse her discretion when she denied Petitioner's motion to reopen her removal proceedings, and we therefore deny the petition for review. With respect to an alien's failure to appear at her master calendar hearing, the INA states:

> Any alien who, after written notice . . . has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, *shall* be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . .

8 U.S.C. § 1229a(b)(5)(A) (emphasis supplied). The *in absentia* removal order may be rescinded only in two circumstances:

> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . ., or
>
> (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. § 1229a(b)(5)(C). The INA defines "exceptional circumstances" as "exceptional circumstances (such as . . . serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) *beyond the control of the alien*." 8 U.S.C. § 1229a(e)(1) (emphasis supplied).

When determining whether exceptional circumstances exist in a given case, the IJ must look to the totality of the circumstances. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (citation omitted). The petitioner has the burden to prove exceptional circumstances. *Scorteanu v. INS*, 339 F.3d 407, 411 (6th Cir. 2003) (citation omitted).

Petitioner here does not argue that she failed to receive notice of the master calendar hearing or that she was in federal or state custody. Petitioner only argues that she failed to attend her hearing because she was expecting her case to be consolidated with her father's case, which was scheduled for hearing approximately five months after her hearing. Relying solely on this basis, Petitioner fails to meet her burden of proving exceptional circumstances.

We note that there is no proof in the record that Petitioner's father even requested the immigration court to consolidate his and Petitioner's cases. Assuming that such a request was made, there was no proof in the record that the immigration court in fact consolidated the cases. Petitioner's mere expectation that the immigration court was going to grant her father's request is insufficient to demonstrate exceptional circumstances. Case law as to a motion for change of venue is instructive in this regard.

The circuits have been consistent in holding that a petitioner's submission of a motion for change of venue, and his expectation that the immigration court will grant the motion is "not remotely an exceptional circumstance beyond the alien's control." *Georcely v. Ashcroft*, 375 F.3d 45, 50 (1st Cir. 2004). In such a circumstance, the petitioner must still attend the scheduled master hearing. Likewise, Petitioner had a master calendar hearing scheduled for November 27, 2002. While she claims that her father made a request to consolidate their cases, Petitioner has not shown

that her father's purported request for consolidation was in fact granted by the immigration court. Her assumption that said request would be granted "is not remotely an exceptional circumstance beyond the alien's control." *Id.* From a qualitative standpoint, Petitioner's proffered basis is far "less compelling" than the "serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien." *See* 8 U.S.C. § 1229a(e)(1). She simply has not shown that she was unable to attend the hearing, or that an occurrence beyond her control severely burdened her potential attendance. Petitioner's claim that the immigration court failed to act on her father's request, (Pet. Br. 8), has no merit. Even assuming the truth of this statement, Petitioner was still obligated under federal law to attend her master calendar hearing, and she failed to do so. Having proven no exceptional circumstances, the IJ properly denied Petitioner's motion to reopen.

For the foregoing reasons, we **DENY** the petition for review.